**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4029**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RONNIE HAYZE WILKERSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., Senior District Judge. (1:06-cr-00172-WLO)

Submitted: May 15, 2009            Decided: June 12, 2009

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Hayze Wilkerson appeals from his conviction and 158-month sentence entered pursuant to his guilty plea to possession with intent to distribute crack cocaine. On appeal, Wilkerson's attorney has filed an Anders[*] brief, asserting that there are no meritorious issues for appeal but raising the claims that Wilkerson's plea was involuntary, the Fed. R. Crim. P. 11 hearing was deficient, the advisory Guidelines range was incorrectly calculated, and counsel was ineffective. Wilkerson has filed a pro se supplemental brief, expanding on counsel's arguments and adding new claims. After a thorough review of the record, we affirm.

I.

Counsel raises the issue of defects in the Rule 11 hearing but concludes that the court was in "full compliance." In his pro se brief, Wilkerson asserts that the court failed to inform him of his right to plead not guilty and of the consequences for violating any term of supervised release that might be imposed.

Because Rule 11 error was not raised in the district court, we review for plain error. See United States v. Vonn,

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

535 U.S. 55, 59 (2002). Thus, it is Wilkerson's burden to show (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) that this court should exercise its discretion to notice. See United States v. Martinez, 277 F.3d 517, 529 (4th Cir. 2002). To show that his substantial rights were affected, Wilkerson must demonstrate that, absent the error, he would not have entered his guilty plea. Id. at 532.

Rule 11 requires that, before accepting a guilty plea, the district court must inform the defendant of, and determine that he understands, "the right to plead not guilty." Fed. R. Crim. P. 11(b)(1)(B). In addition, the court must inform the defendant of the maximum possible term of supervised release. Fed. R. Crim. P. 11(b)(1)(H). However, there is no requirement that the court inform a defendant as to the possible consequences for violating supervised release. A review of the plea hearing transcript reveals that, although Wilkerson was not informed of his right to plead not guilty, he was in fact informed of the possibility of the imposition of a term of supervised release and the consequences for violating supervised release.

While Wilkerson was not informed of his continued right to plead not guilty, it is clear that any error by the district court in failing to inform Wilkerson about his right was harmless and that Wilkerson has failed to show the error

affected his substantial rights. The record indicates that Wilkerson was informed about his right to plead not guilty in his plea agreement, prior to his guilty plea hearing. Moreover, at his Rule 11 hearing, he was told that, if he chose not to plead guilty, he was entitled to a trial, and he was asked specifically if he wanted to plead guilty. Thus, Wilkerson cannot show that, absent the court's error, he would not have entered his guilty plea. Accordingly, there was no plain error.

## II.

Counsel raises the issue of whether Wilkerson's plea was the result of force or coercion but concludes that it was not. Wilkerson testified at his Rule 11 hearing that he had not been threatened or made any undisclosed promises in exchange for his plea. There is no other indication in the record that Wilkerson was improperly induced to plead guilty. Accordingly, we conclude that the plea was knowing and voluntary.

## III.

Counsel next raises the question of whether the Guidelines range was properly calculated but quickly concludes that it was. In his pro se brief, Wilkerson claims that his Guidelines range was incorrectly calculated based upon 5.5 grams of crack cocaine rather than the 3.5 grams agreed upon in the

4

plea agreement.  Because Wilkerson does not dispute the facts in the presentence report ("PSR") resulting in a 5.5 gram total, his argument is presumably based on the plea agreement--either that the court was bound by the agreement or that the Government breached the plea agreement by not arguing for a lower drug amount.

However, the plea agreement's stipulation concerned the drugs involved in "the offense alleged in Count Two."  There is nothing in the plea agreement preventing the Government from advocating for or the court imposing a higher drug quantity based on Wilkerson's relevant conduct.  The PSR properly attributed Wilkerson with 3.5 grams for his actions on the count of conviction in accordance with the plea agreement; the remainder of the crack cocaine involved was from controlled buys on other dates.  Thus, the PSR's calculation of drug quantity was not at odds with the plea agreement, and we find no error in the calculation of the drug quantity.  See United States v. DeWitt, 366 F.3d 667, 670 (8th Cir. 2004) (parties may reach a stipulation with respect to the quantity attributable to a particular transaction while leaving open the quantity attributable based on other relevant conduct).

IV.

Counsel raises the issue of whether trial counsel was ineffective but concludes that nothing in the record suggests any substandard performance. In his pro se brief, Wilkerson asserts that his attorney should have had his family testify at his sentencing hearing. Trial counsel introduced Wilkerson's family at the hearing and outlined their support of Wilkerson, but none of Wilkerson's relatives testified.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2008) motion. King, 119 F.3d at 295. An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Here, the record does not support Wilkerson's claim. There is no evidence in the record as to what the potential witnesses would have said. Moreover, counsel made the court aware of Wilkerson's supportive family and his good works in the community, so it is unclear whether even the most glowing testimony would have altered Wilkerson's sentence. Because there is no non-speculative evidence that counsel committed errors that negatively affected Wilkerson's sentence, we decline

6

to consider Wilkerson's allegations of ineffective assistance at this time.

                                    V.

         In another issue raised in his pro se brief, Wilkerson asserts that the sentencing court improperly relied upon its conclusions that Wilkerson could not be rehabilitated and that a substantial sentence was necessary in order to send a message to the younger generation.  However, 18 U.S.C. § 3553(a) (2006) provides that the court "shall" consider whether a particular sentence "afford[s] adequate deterrence to criminal conduct" and "protect[s] the public from further crimes of the defendant." Thus, a determination that recidivism was likely and that members of the younger generation would be deterred from future crimes by a substantial sentence in this case are not only valid, but necessary, considerations.  See United States v. Phinazee, 515 F.3d 511, 515-16 (6th Cir.) (noting that both specific and general deterrence are proper sentencing considerations), cert. denied, 129 S. Ct. 612 (2008).

         In accordance with Anders, we have carefully reviewed the entire record in this case and found no meritorious issues for appeal.  Accordingly, we affirm Wilkerson's conviction and sentence.  We deny Wilkerson's motion for appointment of counsel.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED